**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

| | |
|---|---|
| **JUSTIN COLLINS, Individually and for Others Similarly Situated,** | |
| **Plaintiff,** | **Civil Action No. 5:24-cv-00628** |
| **v.** | **Chief Judge Frank W. Volk** |
| **ARCH RESOURCES, INC.,** | |
| **Defendant.** | |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
### MOTION TO DISMISS AND/OR SUBSTITUTE PROPER DEFENDANT

Defendant Arch Resources, Inc. ("Defendant") respectfully submits this Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and/or to substitute the proper Defendant, ICG Beckley, LLC. Plaintiff has failed to allege sufficient facts to establish that Defendant was his employer or that Defendant meets the criteria for joint employer status under the Fair Labor Standards Act ("FLSA"). His claims are based on unsupported and conclusory allegations that do not meet the plausibility standard required to survive a motion to dismiss. Accordingly, for the reasons set forth below, Plaintiff's Complaint should be dismissed in its entirety.

## I.    INTRODUCTION

Plaintiff filed his Collective Action Complaint on October 31, 2024, alleging failure to pay overtime under the FLSA on behalf of himself and all hourly employees working in numerous mines across the country. Plaintiff attempts to impute liability on Defendant as his employer with no factual support for the notion that he was in an employment relationship with Defendant. Throughout his time working in the mine, Plaintiff was in fact employed by ICG Beckley, LLC,

an independent subsidiary of Defendant. Defendant did not employ Plaintiff or any other employee at the mine level at any facility across the country.

Plaintiff sets forth conclusory statements of an employment relationship with no plausible facts to support either a direct or joint employment relationship. Indeed, Plaintiff's Complaint falls far short of the pleading standard required to maintain such a claim. Put simply, stating that "Arch employed Collins" is not enough. That statement is simply untrue, unsupported by the pleadings, and renders his Complaint inadequate to state a claim upon which relief can be granted. For the reasons set forth in Defendant's Motion to Dismiss and this Memorandum in Support, Plaintiff's Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## II.    LEGAL STANDARD

Under Rule 12(b)(6), a plaintiff's complaint must allege facts sufficient to raise a right to relief above the speculative level. *Bell Atl. Cop. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint does not need to contain detailed factual allegations, it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555-56; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff's factual allegations, taken as true, must "state a claim to relief that is plausible on its face." *Robertson v. Sea Pines Real Estate Co.*, 679 F.3d 278, 288 (4th Cir. 2012) (*quoting Iqbal*, 556 U.S. at 678).

The first step in a facial plausibility analysis is to identify threadbare recitals of the elements or unsupported legal conclusions, which are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679; s*ee also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250,

24305590.1

256 (4th Cir. 2009). The second step is to determine plausibility after legal conclusions and bare assertions are disregarded. *Iqbal*, 556 U.S. at 678 (stating a complaint must include "factual content" sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," or "allegations that contradict matters properly subject to judicial notice." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted).

## III.   LEGAL ANALYSIS

### A.   Plaintiff has not alleged sufficient facts to establish that Defendant was his direct employer.

Plaintiff has brought this action against Defendant under the FLSA, which governs overtime payments by "employers" to "employees" working over 40 hours in a workweek. *See* 29 USC § 201, *et. seq.*; Plaintiff's Original Collective Action Complaint, Dkt. No. 1 at ¶¶ 131-137. The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The FLSA "conditions liability on the existence of an employer-employee relationship, and the employee bears the burden of alleging and proving the existence of that relationship." *See Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 83 (4th Cir. 2016).

Plaintiff has failed to meet his burden of properly alleging he had an employment relationship with Defendant. Plaintiff's Complaint contains only threadbare, unsupported allegations of an employment relationship. *See* Dkt. No. 1 at ¶ 2 ("Arch employed Collins . . ."); Dkt. No. 1 at ¶ 16 ("Arch employed Collins . . .").

Two other lines in Plaintiff's Complaint contain unsupported legal conclusions that also fail to establish an employer-employee relationship. *See* Dkt. No. 1 at ¶ 24 ("At all relevant times,

24305590.1

Arch was an 'employer' within the meaning of the FLSA."); Dkt. No. 1 at ¶ 28 (At all relevant times, Collins and the other Hourly Employees were Arch's 'employees' within the meaning of the FLSA.").

These minimal allegations fall far short of the pleading standard required to maintain a plausible claim. *See Twombly*, 550 U.S. at 555-56; *Iqbal*, 556 U.S. at 678. Courts in this circuit routinely dismiss wrongly named defendants on this basis. *See, i.e., Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 83 (4th Cir. 2016) (granting motion to dismiss after determining that the defendant was not an employer under the FLSA); *Sommerville v. Union Carbide Corp.*, 2:19-CV-00878, 2021 WL 3384967, at *3 (S.D.W. Va. Aug. 3, 2021) (granting motion to dismiss because plaintiff had not gone beyond merely reciting the elements of a joint venture); *Newhouse v. Sugar Creek Pizza*, LLC, 2:19-CV-00015, 2019 WL 1867957, at *3 (S.D.W. Va. Apr. 24, 2019) (granting motion to dismiss for failure to state plausible facts to support a theory of joint employment). Plaintiff has not provided any factual basis to support his claim that Defendant was his employer and his Complaint should be dismissed for failure to state a claim upon which relief can be granted.

**B. Plaintiff has failed to allege Defendant is a joint employer.**

Plaintiff has not and cannot state a plausible claim of an employee-employer relationship with Defendant because Defendant did not employ Plaintiff. Plaintiff was employed by ICG Beckley, LLC, a subsidiary of Defendant and the proper Defendant in this action (explained more fully below). Plaintiff also makes no allegations of a joint employer relationship between Defendant and Plaintiff's actual employer.

The Fourth Circuit has adopted a six-factor standard for joint employers under the FLSA. *Salinas v. Commercial Interiors*, Inc., 848 F.3d 125, 137, 141-142 (4th Cir. 2017). Courts in the

Fourth Circuit consider the "circumstances of the whole activity" when conducting a joint employer analysis, guided by the following non-exhaustive list of factors:

> (1) Whether, formally or as a matter of practice, the putative joint employers jointly determine, share, or allocate the power to direct, control, or supervise the worker, whether by direct or indirect means;

> (2) Whether, formally or as a matter of practice, the putative joint employers jointly determine, share, or allocate the power to—directly or indirectly—hire or fire the worker or modify the terms or conditions of the worker's employment;

> (3) The degree of permanency and duration of the relationship between the putative joint employers;

> (4) Whether, through shared management or a direct or indirect ownership interest, one putative joint employer controls, is controlled by, or is under common control with the other putative joint employer;

> (5) Whether the work is performed on a premises owned or controlled by one or more of the putative joint employers, independently or in connection with one another; and

> (6) Whether, formally or as a matter of practice, the putative joint employers jointly determine, share, or allocate responsibility over functions ordinarily carried out by an employer, such as handling payroll; providing workers' compensation insurance; paying payroll taxes; or providing the facilities, equipment, tools, or materials necessary to complete the work.

*Salinas*, 848 F.3d at 141–42.

Here, Plaintiff has failed to plead that Defendant meets any of the required elements to be considered a joint employer under the FLSA. Indeed, Plaintiff pleads only that he was "employed"

by Defendant without any allegations discussing control or management of his work. *See* Dkt. No. 1 at ¶ 2. Plaintiff's Complaint fails to meet the pleading standard for a joint employer relationship and, without establishing any employment relationship with Defendant (directly or jointly), his claim warrants dismissal.

### C.   Defendant acknowledges that a substitute defendant may be more appropriate for Plaintiff' Complaint.

Defendant has styled its Motion to Dismiss in the alternative as a Motion to Substitute the Proper Defendant. Indeed, Plaintiff's Complaint fails to state a claim against Defendant, and Plaintiff cannot state a claim against Defendant under the FLSA because Defendant did not employ Plaintiff. While this fact alone warrants dismissal, Defendant acknowledges that its subsidiary, ICG Beckley, LLC, was Plaintiff's employer. Thus, in an effort to proceed in good faith and preserve Court resources, Defendant requests, along with its Dismissal, that ICG Beckley, LLC be substituted as Defendant in this case and named as such in an amended Complaint.[1]

### IV.    CONCLUSION

For the forgoing reasons, Plaintiff has failed to allege sufficient facts to establish that Defendant was his direct employer or that Defendant meets the criteria for joint employer status under the FLSA. Plaintiff's claims are based on unsupported and conclusory allegations that do not meet the plausibility standard required under Rule 12(b)(6). Therefore, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted and/or substitute the proper defendant, ICG Beckley, LLC.

---

[1] Defendant contacted counsel for Plaintiff on December 11, 2024 to request Defendant's dismissal and substitution of ICG Beckley, LLC as defendant. At the time of filing, Plaintiff has not agreed to do so or amended his Complaint.

24305590.1

DATE: December 20, 2024                    Respectfully submitted,


                                           **Steptoe & Johnson PLLC**
                                           */s/Michael J. Moore*
                                           Michael J. Moore (WVSB # 12009)
                                           STEPTOE & JOHNSON PLLC
                                           400 White Oaks Boulevard
                                           Bridgeport, WV 26330
                                           Phone: (304) 933-8153
                                           Fax: (304) 933-8183)
                                           Michael.Moore@Steptoe-Johnson.com


                                           **Husch Blackwell LLP**
                                           Scott D. Meyers (Pro hac vice application forthcoming)
                                           Cooper R. Page (Pro hac vice application forthcoming)
                                           Owen David (Pro hac vice application forthcoming)
                                           8001 Forsyth Boulevard, Suite 1500
                                           St. Louis, MO 63105
                                           Phone: (314) 480-1500
                                           Fax: (314) 480-1505
                                           Scott.meyers@huschblackwell.com
                                           Cooper.page@huschblackwell.com
                                           Owen.davis@huschblackwell.com

                                           ***Attorneys for Defendant***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

| | |
|---|---|
| **JUSTIN COLLINS, Individually and for Others Similarly Situated,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 5:24-cv-00628** **Chief Judge Frank W. Volk** |
| **ARCH RESOURCES, INC.,** | |
| **Defendant.** | |

## <u>CERTIFICATE OF SERVICE</u>

I, Michael J. Moore, counsel for Defendant Arch Resources, Inc., do hereby certify that on December 20, 2024, I filed the foregoing **DEFENDANT'S MOTION TO DISMISS AND/OR SUBSTITUTE PROPER DEFENDANT** with the Clerk of the Court using the CM/ECF system which will send notification to the following:

Anthony J. Majestro
Graham B. Platz
POWELL & MAJESTRO P.L.L.C.
405 Capitol Street, Suite 807
Charleston, West Virginia 25301
Phone: (304) 346-2889
Fax: (304) 346-2895
amajestro@powellmajestro.com
gplatz@powellmajestro.com

Michael A. Josephson
Richard M. Schreiber
JOSEPHSON DUNLAP LLC
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Phone: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
rschreiber@mybackwages.com

Richard J. (Rex) Burch
BRUCKNER BURCH PLLC
11 Greenway Plaza, Suite 3025

Houston, Texas 77046
Phone: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

Attorneys for Plaintiff

_/s/ Michael J. Moore_
Michael J. Moore

24305590.1