## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

JUSTIN COLLINS, Individually and on behalf
of all others Similarly Situated.

        v.

ARCH RESOURCES, INC.

CASE NO. 5:24-cv-00628

## COLLINS'S RESPONSE TO ARCH'S MOTION TO DISMISS
## AND/OR SUBSTITUTE DEFENDANTS

Michael A. Josephson
TX Bar No. 24014780
Andrew W. Dunlap
TX Bar No. 24078444
Richard M. Schreiber
TX Bar No. 24056278
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

Richard J. (Rex) Burch
TX Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

Anthony J. Majestro (WVSB 5165)
Graham B. Platz (WVSB 14093)
**POWELL & MAJESTRO PLLC**
405 Capitol Street, Suite 807
Charleston, West Virginia 25301
Phone: (304) 346-2889
Fax: (304) 346-2895
amajestro@powellmajestro.com
gplatz@powellmajestro.com

## TABLE OF CONTENTS

Table of Contents ......................................................................................................................... i

Table of Authorities ..................................................................................................................... ii

1.    Introduction. .................................................................................................................. 1

2.    Legal Standard. ............................................................................................................... 2

3.    Collins plausibly pled Arch was *an* employer. ............................................................ 3

4.    Alternatively, Collins should be allowed to amend to cure any deficiencies. ................ 7

5.    Conclusion. ..................................................................................................................... 8

## TABLE OF AUTHORITIES

Cases

*Ashcroft v. Iqbal,*
 556 U.S. 662 (2009) ........................................................................................................ 2
*Bell Atl. Corp. v. Twombly,*
 550 U.S. 544 (2007) ........................................................................................................ 2
*Benshoff v. City of Virginia Beach,*
 180 F.3d 136 (4th Cir. 1999) .......................................................................................... 3
*Chapman v. Saber Healthcare Grp., LLC,*
 No. 2:20CV106, 2020 WL 9348160 (E.D. Va. Dec. 2, 2020) ...................................... 1
*Davis v. Food Lion,*
 792 F.2d 1274 (4th Cir. 1986) ........................................................................................ 3
*Erickson v. Pardus,*
 551 U.S. 89 (2007) .......................................................................................................... 2
*Hall v. DIRECTV, LLC,*
 846 F.3d 757 (4th Cir. 2017) .......................................................................................... 6
*Herman v. RSR Sec. Servs. Ltd.,*
 172 F.3d 132 (2d Cir. 1999) ........................................................................................... 4
*Jacobson v. Comcast Corp.,*
 740 F. Supp. 2d 683 (D. Md. 2010) ............................................................................... 3
*Johnson v. Oroweat Foods Co.,*
 785 F.2d 503 (4th Cir.1986) ........................................................................................... 8
*Kerr v. Marshall Univ. Bd. of Governors,*
 824 F.3d 62 (4th Cir. 2016) ........................................................................................ 3, 4
*Kerr v. Marshall Univ. Bd. of Governors,*
 No. 2:14-CV-12333, 2015 WL 1405537 (S.D.W. Va. Mar. 26, 2015) ......................... 3
*Laber v. Harvey,*
 438 F.3d 404 (4th Cir. 2006) ...................................................................................... 7, 8
*McCoy v. Canterbury,*
 No. CIV.A. 3:10-0368, 2010 WL 5343298 (S.D.W. Va. Dec. 20, 2010) ...................... 2
*Mylan Laboratories, Inc. v. Matkari,*
 7 F.3d 1130 (4th Cir.1993) ............................................................................................. 2
*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,*
 591 F.3d 250 (4th Cir. 2009) .......................................................................................... 2
*Newhouse v. Sugar Creek Pizza,* LLC,
 2:19-CV-00015, 2019 WL 1867957, at *3(S.D.W. Va. Apr. 24, 2019) .................... 3, 5
*Reyes v. Remington Hybrid Seed Co.,*
 495 F.3d 403 (7th Cir. 2007) .......................................................................................... 6
*Salinas v. Com. Interiors, Inc.,*
 848 F.3d 125 (4th Cir. 2017) .......................................................................................... 6
*Schultz v. Capital Int'l Sec. Inc.,*
 466 F.3d 298 (4th Cir.2006) ....................................................................................... 3, 6
*Smith v. Jail,*
 No. 3:17-CV-03502, 2017 WL 5354201 (S.D.W. Va. Sept. 27, 2017) ..................... 2, 3

*Sommerville v. Union Carbide Corp.,*
    2:19-CV-00878, 2021 WL 3384967, at *3 (S.D.W. Va. Aug. 3, 2021) ............................................ 3, 5

Statutes

29 U.S.C. § 203(d) ............................................................................................................................3

Rules

FED. R. CIV. P. 8(a)(2) ......................................................................................................................2
FED. R. CIV. P. 15(a) .........................................................................................................................7

1.     **Introduction.**

The Court should deny Arch's motion (Doc. 20) because Collins stated a plausible claim against it. Arch pretends Collins says nothing more than "Arch employed [him]." Doc. 20 at PageID # 111-12. But he goes much further than that. He explains how Arch **controls** the mines it owns and operates and the workers in it. Doc. 1 at PageID # 4-5 ¶¶ 30-33. So even considering Arch's assertion that it is a corporate parent of Collins's real employer, Arch is "a corporate parent that is actively involved in establishing nationwide policies" instead of "a corporate parent that is a mere holding company." *Chapman v. Saber Healthcare Grp., LLC,* No. 2:20CV106, 2020 WL 9348160, at *3 (E.D. Va. Dec. 2, 2020) (cleaned up).

For example, "Arch requires Collins … to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of [his] job[]." *Id.* at PageID # 7 ¶ 58. That includes "perform[ing] his job duties in accordance with **Arch's policies, procedures, and expectations**." *Id.* at PageID # 6 ¶¶ 46-47, 52-53 (emphasis added). "Throughout his employment, Collins was required to report his 'on the clock' hours worked via Arch's timekeeping system." *Id.* at PageID # 5 ¶ 38. "Arch subjected Collins to its uniform, pre/post shift off the clock policy." *Id.* at PageID # 6 ¶ 43. Under that policy, "Arch required Collins to "dress out in protective clothing and safety gear …, gather tools and equipment … fundamentally necessary to performing his job duties as a coal miner, and to be ready to work in the mine prior to [their] scheduled shift, all 'off the clock,' and without compensation." *Id.* ¶ 44. "Likewise, Arch required Collins to remove his safety gear and protective clothing, store his tools and equipment, and wash up each day after exiting the mine at the end of his shift, all 'off the clock' and without compensation." *Id.* ¶ 50.

On top of that, Collins had to "strictly adhere to the uniform quality standards put in place by Arch." Doc. 1 at PageID # 7 ¶ 59. To make sure that happened, he worked "under Arch's supervision" using Arch's "materials, equipment, and technology." *Id.* ¶ 57. And Collins's pay was

1

"determined by common systems and methods that Arch select[ed] and control[ed]." *Id.* ¶ 60.

It's not difficult to see Arch was Collins's FLSA employer. After all, before its merger with CONSOL Energy (*see* https://corenaturalresources.com/about-core/#who-we-are ("A Merger of Equals"), last visited January 14, 2025), Arch boasted it "employ[ed] 3,600 hardworking individuals across the U.S." Doc. 1 at PageID # 1 ¶ 32 (citing https://www.archrsc.com/our-business/operations/). Collins's complaint contains more than enough facts to avoid dismissal. The Court should thus deny Arch's motion. But if the Court is inclined to grant either part of Arch's motion, it should allow Collins the opportunity to amend his complaint to cure any defect.

2.    **Legal Standard.**

A complaint only needs to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a claim to be plausible, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. Claims are plausible if "the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 256 (4th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

"In ruling on a Rule 12(b)(6) motion, the court must accept as true all of the factual allegations contained in the complaint." *Smith v. Jail,* No. 3:17-CV-03502, 2017 WL 5354201, at *3 (S.D.W. Va. Sept. 27, 2017), *adopted,* 2017 WL 5329296 (S.D.W. Va. Nov. 13, 2017) (citing *Erickson v. Pardus*, 551 U.S. 89 (2007)). And the Court must construe the complaint "in the light most favorable to the plaintiff." *McCoy v. Canterbury,* No. CIV.A. 3:10-0368, 2010 WL 5343298, at *4 (S.D.W. Va. Dec. 20, 2010), *aff'd,* 428 F. App'x 247 (4th Cir. 2011) (citing *Twombly,* 550 U.S. at 555); *see also Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993).

2

3.      **Collins plausibly pled Arch was** *an* **employer.**

The "FLSA conditions liability on the existence of an employer-employee relationship[.]" *Kerr v. Marshall Univ. Bd. of Governors,* 824 F.3d 62, 83 (4th Cir. 2016) (citing *Benshoff v. City of Virginia Beach*, 180 F.3d 136, 140 (4th Cir. 1999) & *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986)). The "FLSA defines 'employer' as 'any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" *Id.* (citing 29 U.S.C. § 203(d)). "'Person' means an individual, partnership, association, corporation, business trust, legal representative, or **any organized group** of persons." 29 U.S.C. § 203(a) (emphasis added). Therefore, "[u]nder the FLSA, an individual may be the employee of more than one employer at a given time." *Jacobson v. Comcast Corp.,* 740 F. Supp. 2d 683, 688 (D. Md. 2010) (citing *Schultz v. Capital Int'l Sec. Inc.,* 466 F.3d 298, 305 (4th Cir.2006)).

It is of no moment that Arch says Collins was paid out of an account in the name of an Arch subsidiary. The question is whether Collins pled enough facts that—taken as true—to plausibly allege Arch was his FLSA employer. *See Smith*, 2017 WL 5354201, at *3. Citing 3 cases, Arch says "[c]ourts in this circuit routinely dismiss wrongly named defendants on this basis." Doc. 20 at PageID # 112 (citing *Kerr*, 824 F.3d at 83; *Sommerville v. Union Carbide Corp.*, 2:19-CV-00878, 2021 WL 3384967, at *3 (S.D.W. Va. Aug. 3, 2021); *Newhouse v. Sugar Creek Pizza*, LLC, 2:19-CV-00015, 2019 WL 1867957, at *3 (S.D.W. Va. Apr. 24, 2019)). Those cases are distinguishable.

In *Kerr*, the district court found a teacher who supervised a student teacher "was not an 'employer' for purposes of [the student teacher's] FLSA claim." *Kerr*, 824 F.3d at 82-83. "[T]he district court noted that the complaint 'utterly fail[ed] to allege any indicia of [the supervising teacher's] control over the conditions under which [the student teacher] worked at the school, or that [the supervising teacher] held the authority to terminate [the student teacher's] student teaching position." *Id.* at 83 (quoting *Kerr v. Marshall Univ. Bd. of Governors,* No. 2:14-CV-12333, 2015 WL 1405537, at *26 (S.D.W. Va. Mar. 26, 2015)). "The district court therefore granted [the] motion to dismiss[.]" *Id.* Noting the

3

"economic reality" test "determine[s] whether [an] employer-employee relationship exists," the Fourth Circuit agreed. *Id.* In fact, the Fourt Circuit said "not a single factor weigh[ed] in favor of finding the existence of an employer-employee relationship[.]" *Id.* "The economic reality test focuses on whether the worker is economically dependent on the business to which he renders service or is, as a matter of economic reality, in business for himself." *Id.* (cleaned up). "Relevant factors include 'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Id.* (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)).

Unlike *Kerr*, Collins pled facts supporting factors 2, 3, and 4.[1] **Factor 2**: Among other things, Collins says Arch controlled his work by requiring him to (1) "follow and abide by common work, time, pay, and overtime policies and procedures in the performance of [his] job[]," Doc. 1 at PageID # 7 ¶ 58; and (2) "perform his job duties in accordance with Arch's policies, procedures, and expectations," *id.* at PageID # 6 ¶¶ 46-47, 52-53. And Arch supervised Collins's work to make sure its policies and procedures were followed and expectations met. *Id.* at PageID # 7 ¶ 57. **Factor 3**: Not only was Collins "required to report his 'on the clock' hours worked via Arch's timekeeping system," *id.* at PageID # 5 ¶ 38; he also was subject to Arch's "pre/post shift off the clock policy" requiring him to "dress out in protective clothing and safety gear" off the clock. *Id.* at PageID # 6 ¶¶ 43-44; *see also id.* ¶ 50 ("Likewise, Arch required Collins to remove his safety gear and protective clothing, store his tools and equipment, and wash up each day after exiting the mine at the end of his shift, all 'off the clock' and without compensation."). Moreover, Collins says his pay was "determined by common systems and methods that Arch select[ed] and control[ed]." *Id.* at PageID # 7 ¶ 60. **Factor 4**: Arch

---

[1] If the Court requires, Collins will amend his complaint to include facts to support the first factor.

maintained Collins's employment records. *Id.* at PageID # 5 ¶ 39. Given all the facts Collins pled, it's clear this case is nothing like *Kerr*.

The other 2 cases don't help Arch either. In *Sommerville*, the plaintiff "[m]erely nam[ed] the Dow Defendants three times in the Second Amended Complaint always in connection with their subsidiary company[.]" *Sommerville*, 2021 WL 3384967, at *2. Unlike Collins, the *Sommerville* plaintiff never alleged that the Dow Defendants became directly involved with the tortious conduct at issue in [that] case." *Id.* The same was true in *Newhouse*. In that case, the complaint didn't "allege facts from which it can be reasonably inferred that Pizza Hut [corporate] employed [the plaintiff]" as opposed to the local Pizza Hut franchise (New River Pizza, LLC) where she worked. *Newhouse*, 2019 WL 1867957, at *4. The plaintiff didn't "assert that Pizza Hut owned or operated the Oak Hill restaurant nor [did] she provide any facts to connect Pizza Hut to the Oak Hill restaurant that employed her." *Id.* She didn't plead any "facts to suggest that Pizza Hut exercised control over [her.]" *Id.* The court went so far as to say "the Complaint fails to assert any facts related to her employment against Pizza Hut." *Id.* So the court dismissed the claim "against Pizza Hut for failure to state a claim." *Id.* Not to beat a dead horse, but Collins' complaint doesn't suffer from any of those deficiencies. Collins alleges "Arch owns, operates, and controls coal mines and related operations in Colorado, West Virginia, and Wyoming," including the mine where Collins worked. Doc. 1 at PageID # 4 ¶ 30. That, in addition to all the other facts previously outlined, clearly state a claim Arch was Collins's FLSA employer.

Arch insists Collins was really "an employee of ICG Berkley, LLC," Arch's subsidiary. But even if that was true, that's not alleged in Collins's complaint. Even if it was, there are enough factual allegations to support a joint employer theory as well. "To assist lower courts in determining whether the relationship between two entities gives rise to joint employment, [the Fourt Circuit] identified the following six, nonexhaustive factors to consider: (1) Whether, formally or as a matter of practice, the putative joint employers jointly determine, share, or allocate the ability to direct, control, or supervise

5

the worker, whether by direct or indirect means; (2) Whether, formally or as a matter of practice, the putative joint employers jointly determine, share, or allocate the power to—directly or indirectly—hire or fire the worker or modify the terms or conditions of the worker's employment; (3) The degree of permanency and duration of the relationship between the putative joint employers; (4) Whether through shared management or a direct or indirect ownership interest, one putative joint employer controls, is controlled by, or is under common control with the other putative joint employer; (5) Whether the work is performed on a premises owned or controlled by one or more of the putative joint employers, independently or in connection with one another; and (6) Whether, formally or as a matter of practice, the putative joint employers jointly determine, share, or allocate responsibility over functions ordinarily carried out by an employer, such as handling payroll; providing workers' compensation insurance; paying payroll taxes; or providing the facilities, equipment, tools, or materials necessary to complete the work." *Hall v. DIRECTV, LLC,* 846 F.3d 757, 769–70 (4th Cir. 2017) (citing *Salinas v. Com. Interiors, Inc.,* 848 F.3d 125, 140-43 (4th Cir. 2017).

"The ultimate determination of joint employment must be based upon the circumstances of the whole activity." *Id.* (quoting *Schultz,* 466 F.3d at 306). "As Judge Easterbrook explained in *Reyes v. Remington Hybrid Seed Co.,* 495 F.3d 403 (7th Cir. 2007), '[a] score of 5 to 3 decides a baseball game,' not whether two entities constitute joint employers under the relevant totality-of-the-circumstances test, 495 F.3d at 407." *Id.* Even so, Collins' alleges facts supporting factors 1, 2, 5, and 6. And the other factors are apparent by facts in Arch's motion.

- **Factor 1**: Collins alleged Arch directed, controlled, and supervised him. *See, e.g.,* Doc. 1 at PageID # 7 ¶ 57 ("Collins and the other Hourly Employees perform their jobs under Arch's supervision and use materials, equipment, and technology Arch approves and supplies."); ¶ 59 ("Collins' and the other Hourly Employees' work must strictly adhere to the uniform quality standards put in place by Arch."); PageID # 6 ¶ 44 ("Arch required Collins to dress out in protective clothing and safety gear …, gather tools and equipment … fundamentally necessary to performing his job duties as a coal miner, and to be ready to work in the mine prior to his scheduled shift, all 'off the clock,' and without compensation."); ¶ 50 ("Arch required Collins to remove his safety

6

gear and protective clothing, store his tools and equipment, and wash up each day after exiting the mine at the end of his shift, all 'off the clock' and without compensation.").

- **Factor 2**: Collins alleged Arch set the terms or conditions of his employment. *See, e.g.,* Doc. 1 at PageID # 7 ¶ 60 ("At the end of each pay period, Collins and the other Hourly Employees receive wages from Arch that are determined by common systems and methods that Arch selects and controls."); PageID # 6 ¶ 43 ("[T]hroughout his employment, Arch subjected Collins to its uniform, pre/post shift off the clock policy."); PageID # 8 ¶ 63 ("Arch uniformly subjects its other Hourly Employees to the same or similar pre/post shift off the clock policy it imposed on Collins.").

- **Factors 3 & 4**: While Collins didn't allege facts regarding the degree of permanency and duration of the relationship between it and ICG Beckley, LLC, Arch says ICG Beckley is its subsidiary, *see, generally,* Doc. 20, which indicates a high degree of permanency of their relationship as well as common control through shared management or a direct or indirect ownership interest.

- **Factor 5**: Collins alleged his work was performed on premises owned by Arch. *See, e.g.,* Doc. 1 at PageID # 4 ¶ 30 ("Arch owns, operates, and controls coal mines and related operations in Colorado, West Virginia, and Wyoming."); PageID # 5 ¶ 35 ("Arch employed Collins as a coal miner in its Beckley Complex Mine in Eccles, Raleigh County, West Virginia from approximately January 2021 to October 2023.").

- **Factor 6**: Collins alleged Arch provided functions ordinarily carried out by an employer like providing the facilities, equipment, tools, or materials necessary to complete the work. *See, e.g.,* Doc. 1 at PageID # 7 ¶ 57 ("Collins and the other Hourly Employees perform their jobs … [using] materials, equipment, and technology Arch approves and supplies.").

At bottom, whether as Collins' direct employer or under a joint employer theory, Collins plausibly pled Arch was *an* employer. Arch's motion should be denied.

**4.    Alternatively, Collins should be allowed to amend to cure any deficiencies.**

If the Court is inclined to grant either part of Arch's motion (dismissal or substitution of the defendant), Collins asks the Court to grant him leave to amend his complaint. "Rule 15(a) directs that leave to amend 'shall be freely given when justice so requires.'" *Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006) (quoting FED. R. CIV. P. 15(a)). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Id.* The Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part

of the moving party, or the amendment would have been futile.'" *Id.* at 426-27 (quoting *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir.1986)). None of those apply here. So although Collins believes his complaint is sufficiently pled, in the event the Court disagrees, he respectfully requests he be granted leave to cure any deficiencies found by the Court.

5.      **Conclusion.**

For these reasons, the Court should deny Arch's motion.

Respectfully submitted,

**POWELL & MAJESTRO P.L.L.C.**

By: */s/ Richard M. Schreiber*
  **Michael A. Josephson***
  Texas Bar No. 24014780
  mjosephson@mybackwages.com
  **Richard M. Schreiber***
  Texas Bar No. 24056278
  rschreiber@mybackwages.com
  **JOSEPHSON DUNLAP LLP**
  11 Greenway Plaza, Suite 3050
  Houston, Texas 77046
  713-352-1100 – Telephone
  713-352-3300 – Facsimile

  **Richard J. (Rex) Burch***
  **BRUCKNER BURCH PLLC**
  11 Greenway Plaza, Suite 3025
  Houston, Texas 77046
  Phone: (713) 877-8788
  Fax: (713) 877-8065
  rburch@brucknerburch.com

  */s/ Anthony J. Majestro*
  **Anthony J. Majestro (WVSB 5165)**
  **Graham B. Platz (WVSB 14093)**
  405 Capitol Street, Suite 807
  Charleston, West Virginia 25301
  Phone: (304) 346-2889
  Fax: (304) 346-2895
  amajestro@powellmajestro.com
  gplatz@powellmajestro.com

  *\* Admitted Pro Hac Vice*

8

**ATTORNEYS IN CHARGE FOR PLAINTIFF
AND PUTATIVE CLASS MEMBERS**

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document on all parties and/or their counsel of record via this Court's ECF electronic filing system on January 17, 2025, in accordance with the Federal Rules of Civil Procedure.

*/s/ Richard M. Schreiber*
**Richard M. Schreiber**