IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

JUSTIN COLLINS, Individually
and for Others Similarly Situated,

        Plaintiff,

v.                                          CIVIL ACTION NO. 5:24-cv-00628

ARCH RESOURCES, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Arch Resources, Inc.'s ("Arch") Motion to Dismiss and/or Substitute Proper Defendant [ECF 19], filed December 20, 2024. Plaintiff, Justin Collins, responded in opposition on January 17, 2025 [ECF 24]. On January 24, 2025, Arch moved the Court to extend the deadline to reply to Mr. Collin's Response. [ECF 27]. The Court was unable to make the required good cause finding based upon the statements made in the motion and, accordingly, denied the motion. [ECF 28]. Arch failed to timely reply to Mr. Collin's Response. The motion is ready for adjudication.

I.

On October 31, 2024, Mr. Collins instituted this Fair Labor Standards Act ("FLSA") action against Arch by filing a Collective Action Complaint on behalf of himself and other "Hourly Employees," alleging Arch failed to pay overtime. [ECF 1]. The sole cause of action is grounded in Mr. Collins' allegation that "Arch's pre/post shift off the clock policy violates the FLSA by depriving…overtime wages." [*Id.* at ¶ 8]. Mr. Collins claims Arch requires him and other

Hourly Employees "to gather tools and equipment necessary to perform their job duties, while on Arch's premises, all prior to 'clocking in,'" [*id.* at ¶ 5], and "to wash-up, change out of their safety gear and protective clothing, and store their tools and equipment, while on Arch's premises, after 'clocking out,'" [*id.* at ¶ 6].

On December 20, 2024, Arch filed the pending Motion to Dismiss and/or Substitute Proper Defendant. [ECF 19]. Arch contends Mr. Collins has failed to allege sufficient facts to establish that it is his employer or a joint employer under the FLSA, and thus, the claims should be dismissed under Rule 12(b)(6) for failure to state a claim. [*Id.* at 1]. Alternatively, Arch requests the Court substitute nonparty ICG Beckley, LLC— "an independent subsidiary of Defendant"— as the proper defendant, as it is Mr. Collins' true employer. [*Id.*].

## II.

*Federal Rule of Civil Procedure* 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Any defense presented under Rule 12(b)(6) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Thus, a motion to dismiss must be filed before any answer to the complaint is filed.

The required "short and plain statement" must provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, a showing of an "entitlement to relief" amounts to "more than labels and conclusions." *Twombly*, 550 U.S. at 555. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.*;

2

*McCleary-Evans*, 780 F.3d at 585; *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020), *cert. denied*, 209 L. Ed. 2d 122, 141 S. Ct. 1376 (2021); *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 291 (4th Cir. 2012)) (internal quotation marks omitted). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Robertson*, 679 F.3d at 288.

### III.

**A.**    ***Failure to State a Claim***

Arch moves to dismiss Mr. Collins' claim under Rule 12(b)(6), asserting that the Complaint fails to adequately allege the existence of an employment relationship governed by the FLSA. [ECF 19 at 1]. In support, Arch asserts that it is merely a corporate parent of Mr. Collins' real employer, ICG Beckley, LLC. [*Id.* at 4]. Mr. Collins, conversely, contends that he has pled sufficient facts to plausibly allege that Arch was his employer. [ECF 24 at 7]. Furthermore, he argues that, even if ICG Beckley is deemed his employer, the Complaint contains enough factual allegations to support a finding that Arch is a joint employer. [*Id.* at 9].

The FLSA establishes a federal minimum wage and requires employers to pay "a rate not less the one and one-half times the regular rate" to employees who work more than forty hours in a single workweek." 29 U.S.C. §§ 206(a), 207(a)(1). Liability pursuant to the FLSA for such wrongful acts is conditioned "on the existence of an employer-employee relationship, and the employee bears the burden of alleging and proving the existence of that relationship." *Kerr v. Marshall Univ. Bd. Of Governors*, 824 F.3d 62, 83 (4th Cir. 2016); *Benshoff v. City of Virginia Beach*, 180 F.3d 136, 140 (4th Cir. 1999). The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §203(d); *Salina v. Com. Interiors, Inc.*, 848 F.3d 125, 133 (4th Cir. 2017).

### 1. Economic Reality Test

To determine whether the employer-employee relationship exists, courts apply the "economic reality" test, which focuses on whether the worker is economically dependent on the business to which he renders service or is, as a matter of economic reality, in business for himself. FLSA § 3(g); 29 U.S.C.A. § 203(d); *Schultz v. Cap. Int'l Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006). Relevant factors include whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Kerr*, 824 F.3d 62 at 83

Mr. Collins asserts that the Complaint establishes a sufficient factual showing of factors (2)–(4) of the economic reality test. [ECF 24 at 8]. First, he alleges that Arch controlled his conditions of employment through establishing and enforcing policies and procedures governing his job duties, including the contested "uniform, pre/post shift off the clock policy." [ECF 1 at ¶¶ 46–47, 52–53]. Second, he asserts that Arch exercised supervisory authority, since it required him

4

to report his "on-the-clock" hours to Arch via its timekeeping system. [*Id.* at ¶ 38]. Third, he contends Arch determined the "common systems and methods" of his pay [*Id.* at ¶ 60]. Finally, he alleges that Arch "maintained [his] employment records." [*Id.* at ¶ 39].

The allegations fail to demonstrate Arch is Mr. Collins' direct employer. Certain portions of the Complaint are conclusory and fail to meet the pleading requirements set forth under Rule 8(a) of the *Federal Rules of Civil Procedure*. Specifically, the allegations that Arch determined the "common systems and methods" of pay and "maintained Mr. Collin's employment records," consist primarily of legal conclusions, unsupported by sufficient factual detail. [*Id.* at ¶¶ 60, 39]. Under the standards established by *Iqbal* and *Twombly*, a complaint must contain more than mere conclusory statements and must provide sufficient factual allegations to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 662; *Twombly*, 550 U.S. at 544. The Complaint fails to provide the requisite factual support necessary to substantiate the claim that Arch is Mr. Collins' direct employer.

Accordingly, the Court **GRANTS** the Motion to Dismiss [ECF 19] as it relates to a direct employment relationship between the parties.

### 2. Joint Employment Status

In the alternative, Mr. Collins contends there is sufficient grounds to allege a joint employment relationship between Arch and ICG Beckley, LLC. [ECF 24 at 9].The United States Department of Labor recognizes that "[a] single individual may stand in the relation of an employee to two or more employers at the same time . . . since there is nothing in the act which prevents an individual employed by one employer from also entering into an employment

5

relationship with a different employer." 29 C.F.R. § 791.2(a); *Salina*, 848 F.3d at 133. Our Court of Appeals has recognized a six-factor standard for joint employment status under the FLSA:

> (1) the degree of control that the putative employer has over the manner in which the work is performed; (2) the worker's opportunities for profit or loss dependent on his managerial skill; (3) the worker's investment in equipment or material, or his employment of other workers; (4) the degree of skill required for the work; (5) the permanence of the working relationship; and (6) the degree to which the services rendered are an integral part of the putative employer's business.

*Salina*, 848 F.3d at 141–142.

The Court determines that the Complaint sets forth plausible allegations to suggest joint employment between Arch and ICG Beckley. The relevant factual allegations within the Complaint include:

> Throughout his employment, Collins was required to report his "on the clock" hours worked via Arch's timekeeping system.
>
> Arch's employment records reflect the hours Collins recorded working each week.
> . . . .
>
> Collins and the other Hourly Employees perform their jobs under Arch's supervisions and use materials, equipment, and technology Arch approves and supplies.
>
> Arch requires Collins and the other Hourly Employees to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.
>
> Collins' and the other Hourly Employees' work must strictly adhere to the uniform quality standards put in place by Arch.
>
> At the end of each pay period, Collins and the other Hourly Employees receive wages from Arch that are determined by common systems and methods that Arch selects and controls.

[ECF 1 at ¶¶ 38–39, 57–60].

Further factual development through discovery is necessary to assess the nature and extent of the employment relationship between the parties. The Complaint, however, sufficiently

alleges Arch is more than a mere corporate parent of ICG Beckley. Accordingly, the Court **DENIES** the Motion to Dismiss [ECF 19] as it relates to a joint employment relationship between Arch and ICG Beckley, LLC.

### B.  *Substituting the Proper Defendant*

Alternatively, Arch seeks to substitute its subsidiary, ICG Beckley, LLC, as the proper defendant, asserting that it was Mr. Collins' actual employer. [ECF 20 at 6]. The Court has already determined that the Complaint sets forth sufficient plausible facts to support an employment relationship between the parties. Accordingly, the Court **DENIES WITHOUT PREJUDICE** the Motion to Substitute the Proper Defendant [ECF 19]. The parties are **DIRECTED**, no later than June 3, 2025, to report to the Court respecting the joinder of ICG Beckley, LLC, as a party Defendant.

### IV.

Based upon the foregoing discussion, the Court **ORDERS** that Arch's Motion to Dismiss [**ECF 19**] is **GRANTED IN PART** as it relates to a direct employment relationship between the parties and **DENIED** as to its residue.

The Clerk is **DIRECTED** to transmit a copy of this written opinion and order to all counsel of record and to any unrepresented party.

ENTER:    May 27, 2025

Frank W. Volk
Chief United States District Judge

7